**Dated: June 05, 2020**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

In re
LARRY PARKE CHINN,                                 Case No. 17-30912-L
    Debtor.                                              Chapter 7
_____

Minnesota Life Insurance Company,
    Plaintiff,
v.                                                                     Adv. Proc. No. 18-00157
Larry Parke Chinn,
    Defendant.
_____

ORDER APPORTIONING REASONABLE EXPENSES, INCLUDING ATTORNEY FEES
_____

THIS ORDER supplements the prior "Order on Motion to Compel Responses to Interrogatories and Requests for Production." Entered February 20, 2020. [Dkt. No. 135]. In that order, the court limited the scope of discovery requested by the Plaintiff, Minnesota Life Insurance Company ("Minnesota Life") to the time period 2007 to 2012, and to premium-financed policies written by Chinn or by those under his employment or direction. This was the narrowed scope offered by Minnesota Life at the hearing on January 16, 2020. The court ordered the Defendant, Larry Parke Chinn, to fully respond to Interrogatory Nos. 6, 7, 8, 9, 14, and 15 within fourteen days of the order (March 5, 2020); and to fully respond to Request for Productions Nos. 2, 3, 8, 9, 10, 14, and 15 within 28 days of the order (March 19, 2020). The order also scheduled a hearing on April 9, 2020, to consider the propriety of shifting some or all of the expenses of Minnesota

1

Life's motion to compel to Chinn. It directed the parties to file statements for and against the shifting of expenses not less than three days prior to the scheduled hearing.

The parties timely filed statements for and against the shifting of fees on April 6, 2020. [Dkt. Nos. 139 and 140]. Minnesota Life's statement indicated that document production was still not complete. At the request of Mr. Chinn's attorneys, the hearing was continued to May 8, 2020. Rickey L. Hutchens, attorney for Mr. Chinn admitted at the hearing that production was not complete even then, yet counsel had not asked for an extension of time. Counsel simply presumed that the court would find Mr. Chinn's delays to be reasonable. As a result, the court held this ruling pending the completion of production by Chinn. Counsel for Mr. Chinn filed Notices of Service on May 6 and 29, and June 1, 2020, indicating that additional documents had been produced. [Dkt. Nos. 145, 146, and 147]. Attached to the notice of June1 is the "Amended Seventh Supplemental Response of Larry Parke Chinn to Plaintiff's First Set of Requests for Production of Documents," which states:

> The Seventh Supplemental Responses are the final production of documents in this case; all potentially responsive documents have been reviewed and responsive documents have been produced. The purpose of this Amendment is to delete language that indicated that more documents would be produced later. This language was included as an error; as noted above, all documents have been produced.

Minnesota Life served its Interrogatories and Requests for Production on April 29, 2019. Fourteen months later, Mr. Chinn and his attorneys declare that his production is complete.[1]

Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

---

[1] The parties did agree to stay discovery pending the court's decisions on Mr. Chinn's motions to dismiss and to strike. They agreed that his responses would be due 21 days after the entry of the court's orders. The court's orders were entered July 31, 2019. Mr. Chinn then requested additional time to respond. Mr. Chinn timely filed responses to interrogatories on August 31, 2019, but asked for additional time to respond to the requests for production. [Dkt. No. 97].

2

necessitated the motion, the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." The motion should not be granted if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, "the court may …, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

Minnesota Life did attempt in good faith to resolve the dispute before filing its motion. It sent a letter to Mr. Michael P. Coury, attorney for Mr. Chinn, on October 16, 2019 asking for clarification of Mr. Chinn's responses, and it formally offered to compromise the scope of discovery on January 16, 2020. Mr. Chinn has raised no other circumstances that would make an award of expenses unjust. The sole thrust of his argument is that his position was "substantially justified." For the reasons set forth below, the court finds that it was not.

As both parties agree, at the center of the discovery dispute was Chinn's unilateral decision to limit his responses to the 2009-2012 timeframe and his refusal to provide information concerning policies issued by other insurers on the basis that they were irrelevant. In denying Chinn's Motion to Strike, however, this court recognized that Minnesota Life's inclusion of examples of other insurer's claims against Chinn that preceded 2009-2012 time frame "provide[d] further illustration of the alleged fraudulent scheme undertaken by Chinn" and that Minnesota Life's allegations concerning the claims of other insurers against Mr. Chinn were "material and pertinent for that purpose." [Dkt. No. 93, p. 7]. Moreover, in Minnesota Life's objection in part to Chinn's "Motion for Protective Order and to Extend Time to Respond to Plaintiff's First Request for Production of Documents," filed September 6, 2019 [Dkt. No. 101], Minnesota Life called

3

attention to the appearance that "Chinn is arbitrarily attempting to reduce the time period for his document production by claiming that 'Defendant would show that the relevant time period for this lawsuit is approximately 2009-2012.'" During the September 26, 2019 hearing on the motion for protective order, Mr. Coury argued that it was premature to discuss that issue because Mr. Chinn's responses had not yet been filed. The court, unfortunately, agreed, not fully anticipating what was coming. Mr. Chinn filed his first response to the requests for production and produced some documents in response to the requests on October 7, 2019. Pursuant to the court's order of October 4, 2019, a rolling production of documents was permitted. Mr. Chinn's response stated, "Defendant expects to complete production of all responsive documents on or before January 7, 2020, excluding those requests to which objections have been made." [Dkt. No. 114, Ex. C, p. 3]. The response not only included nine general objections, but it objected to every single individual request. Despite this, Mr. Chinn did not seek direction from the court nor seek a protective order to determine the appropriateness of his objections. Moreover, he did not identify responsive documents that he was withholding as the result of his objections.

Kevin A. Rogers, counsel for Minnesota Life, wrote to Mr. Coury on October 16, 2019, raising the issue of the unilateral narrowing of the scope of discovery. [Dkt. No. 114, Ex. D, p. 1]. Mr. Coury's response indicated that Mr. Chinn would not budge on those issues. [Dkt. No. 114, Ex. E, pp. 2-3]. Mr. Coury again took no steps to seek clarification from the court. Mr. Coury's letter also indicated that Mr. Chinn intended to supplement his responses to Interrogatory Nos. 6, 7, 8, 9, 10, and14, but he never did. Further, Mr. Roger's October 16 letter asked that Mr. Chinn identify responsive documents he was withholding as the result of objections that he had raised. That never happened either. Thus, Minnesota Life's only recourse was the filing of the Motion to Compel.

4

The court conducted a hearing on the Motion to Compel on January 16. At that hearing, Mr. Rogers attempted to resolve the dispute between the parties by agreeing to limit the temporal scope of discovery to the years 2007-2012 and the subjective scope of discovery to premium-financed policies. Mr. Coury failed or refused to respond to Minnesota Life's offer to narrow the temporal scope of discovery and continued to argue, despite the court's prior rulings, that information concerning policies written by Chinn on behalf of other insurers was irrelevant. Moreover, for the first time Mr. Chinn introduced the affidavit of Julie Chinn which described the number of files and documents that might be responsive to Minnesota Life's requests. For the first time, after "all responsive documents" were supposed to have been produced on or before January 7, Mr. Chinn argued that it would simply be too expensive and burdensome to comply.

At the conclusion of the January 16 hearing, the court gave Mr. Coury and Mr. Chinn additional time to supplement their response in an attempt to narrow the issues raised in the Motion to Compel. The court found the supplement that was eventually filed of very little help, however. In its Order Granting the Motion to Compel on February 20, 2020 [Dkt. No. 135], the court was compelled to work through all of the general boilerplate objections as well as objections to almost every interrogatory and request for production. Mr. Chinn urges the court to treat its narrowing of the scope of discovery as a "win" for him – an indication that his position was substantially justified. It was no such thing. The court simply accepted the concessions made by Minnesota Life.

The court gave Mr. Chinn another opportunity to show his good faith by producing all relevant documents within 28 days of the Order Granting the Motion to Compel, which would have been March 19, 2020. Mr. Chinn produced 60,000 pages of documents on March 20, 2020, but in pdf format instead of native format as the parties had previously agreed. Minnesota Life

5

was compelled to wait again for Mr. Chinn to provide the documents as agreed. Minnesota Life complained in its Statement in Support of Shifting Expenses filed April 6, 2020, that it still was not sure that all relevant documents had been produced, which turned out to be true as Mr. Hutchens admitted in the Notice filed May 6, 2020, and again at the hearing on May 8, 2020.

The court has gone into this level of detail to show just how frustrating the conduct of Mr. Chinn and his attorneys has been. Their conduct was in no wise justified. In no way did their conduct leave the court with the impression that Mr. Chinn was cooperating in the orderly production of documents. To the contrary, the court is left with the firm conviction that Mr. Chinn and his attorneys have attempted at every turn to thwart Minnesota Life's discovery pursuits in the hopes that they will eventually give up in exasperation. Even after being warned by this court about the impropriety of making boilerplate objections, the Seventh Supplemental Response "incorporates by reference the objections outlined in [Defendant's] original response to Plaintiff's First Set of Requests for Production of Documents." Discovery disputes are extremely rare in bankruptcy cases, as Mr. Coury is surely aware based on his extensive experience in bankruptcy cases, and as Mr. Hutchens is aware having had the opportunity to serve as law clerk to Chief Judge David S. Kennedy of this court. There is simply no excuse for the conduct of Mr. Chinn, who is himself an attorney, Mr. Coury, or Mr. Hutchens. The court is extremely disappointed. Because the acts of Mr. Chinn have been supported by his attorneys throughout this process, the court finds that they should jointly and severally bear the entire reasonable expense of Minnesota Life's motion including attorneys' fees.

For the foregoing reasons, IT IS ORDERED, that Larry Parke Chinn, Michael P. Coury, and Ricky L. Hutchens shall, jointly and severally, bear all reasonable expenses including attorneys' fees incurred by Minnesota Life in bringing its Motion to Compel. Minnesota Life is

invited to file an affidavit of its fees and expenses within fourteen days of the entry of this order.

Mr. Chinn shall have seven days to respond after which the court will issue a further order.

cc:   Debtor/Defendant
      Attorney for Debtor/Defendant
      Plaintiff
      Attorney for Plaintiff
      Chapter 7 Trustee